UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, | ) C/A No. 3:10-cv-3019-MBS-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| J. Russell Goudelock, II;<br>Hugh McAngus;<br>Jay Courie;<br>~~AutoZone Parts, Inc.;~~<br>~~Gallagher Bassett Services, Inc.,~~ | ) |
| Defendants. | ) |

### *Background of this Case*

The *pro se* Plaintiff is a resident of Lancaster, South Carolina. Plaintiff has brought suit against her employer, her employer's carrier of workers compensation insurance, and three lawyers who were involved in her workers compensation case.[1] Plaintiff is challenging the denial of her application for workers compensation benefits, and styles her case a civil rights action and as a RICO action. The above-captioned case is at least the fourth case filed by Plaintiff in 2010 concerning the denial of her application for workers compensation benefits.

---

[1]Although originally listed as defendants, the plaintiff has filed a letter voluntarily dismissing AutoZone and Gallagher Bassett Services, Inc. as party defendants (ECF No. 9).



1

Appended to the complaint are 42 sets of exhibits (ECF No. 1-1 through ECF No. 1-2), although some of the "exhibits" are legal issues argued by Plaintiff in support of her complaint. Plaintiff's exhibits and the complaint show that the Workers Compensation Commission and the Court of Common Pleas rendered decisions adverse to her, and Plaintiff alleges that the defendants and others conspired with her attorneys and other persons to deny her workers compensation benefits to which she is entitled. In her prayer for relief, Plaintiff asks that this federal court award her punitive, compensatory, consequential, and treble damages.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings under 28 U.S.C. § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing;[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As Plaintiff is a *pro se* litigant, the pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the

---

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

2



Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a plaintiff must plead factual content that allows the court to draw the reasonable inference that a named defendant is plausibly liable, not merely possibly liable; *Ashcroft v. Iqbal*, 173 L.Ed.2d 868, 129 S.Ct. 1937, 1949 (2009); and the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

It is well settled that a claimant or employer seeking review of the South Carolina Workers Compensation Commission concerning injuries prior to July 1, 2007, must appeal to the applicable Court of Common Pleas. In turn, if the appeal to the Court of Common Pleas is not successful, the claimant or employer can appeal to the South Carolina Court of Appeals, and, if not successful there, can appeal to the Supreme Court of South Carolina. *See*, *e.g.*, *Transportation Ins. Co. and Flagstar Corp. v. South Carolina Second Injury Fund*, 2010 WL 3542806 (S.C. Sept. 13, 2010); *Sharpe v. Case Produce Co.*, 336 S.C. 154, 519 S.E.2d 102 (1999); and *Hutson v. S.C. State Ports Authority*, 2010 WL 3543607 (S.C.Ct.App. Sept. 8, 2010).³ With respect to Plaintiff's claims,

---

³Appeals from the Workers Compensation Commission concerning injuries occurring *after* July 1, 2007, now go directly to the South Carolina Court of Appeals. *Pee Dee Regional Transp. v. S.C. Second Injury Fund*, 375 S.C. 60, 650 S.E.2d 464 (2007). The plaintiff's appeal was to the Common Pleas because her injuries took place prior to July 1, 2007. *Pee Dee Regional Transp. v. S.C. Second Injury Fund*, 650 S.E.2d at 465 ("Accordingly, the amendments set forth in Act 111 do not apply and, applying the former version of section 42-17-60, jurisdiction over this appeal lies in the Court of Common Pleas. We therefore dismiss the notice of appeal filed in the Court of Appeals and certified to this Court, and the appeal shall instead proceed as filed in the Court of Common Pleas."). Plaintiff's exhibits in a prior case, *Patterson v. AutoZone, et al.*, Civil Action No. 0:10-2438-MBS-BM, show that she objected to the transfer of the appeal from the South Carolina

(continued...)



longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by state courts, including decisions of a South Carolina Court of Common Pleas. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983), where the Supreme Court of the United States held that a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257. *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[4]

      This prohibition on review of state court proceedings or judgments by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine; *see, e.g.*, *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3rd Cir. 1991); and was reaffirmed in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 161 L.Ed.2d 454 (2005) (*Rooker-Feldman* doctrine applies only when the loser in state court suit files suit in federal district

---

(...continued)
Court of Appeals to the Court of Common Pleas.

[4]In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *See Green Tree Financial Corp. v. Bazzle*, 539 U.S. 444 (2003), *reversing Bazzle v. Green Tree Financial Corp.* 351 S.C. 244, 569 S.E.2d 349 (2002); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1992), *reversing* 304 S.C. 376, 404 S.E.2d 895 (1991); *In Re Primus*, 436 U.S. 412, 432-39 (1978), *reversing In Re Smith*, 268 S.C. 259, 233 S.E.2d 301 (1977)(*per curiam*); *Edwards v. South Carolina*, 372 U.S. 229 (1963), *reversing State v. Edwards*, 239 S.C. 339, 123 S.E.2d 247 (1961); and *Murray v. Charleston*, 96 U.S. 432, 443-49 (1878), *reversing Jenkins v. Charleston*, 5 S.C. 393 (1874). *Cf. Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*). In *Bonner v. Circuit Court of St. Louis*, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."

4



court seeking redress for an injury allegedly caused by the state court's decision itself). *See also Davani v. Virginia Dept. of Transp.*, 434 F.3d 712 (4th Cir. 2006); and *Donnelly v. TRL, Inc.*, No. 3:10-cv-665, 2010 WL 2606654, *3 (M.D. Pa. June 25, 2010) ("Moreover, to the extent that Plaintiff is trying to disturb the rulings of the workers' compensation court, this Court does not have jurisdiction to do so pursuant to the *Rooker-Feldman* doctrine.") (footnote omitted from quotation). The *Rooker-Feldman* doctrine applies even when a challenge to a state court decision concerns a federal constitutional issue; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. at 484-86, and *Arthur v. Supreme Court of Iowa*, 709 F. Supp. 157, 160 (S.D. Iowa 1989); and even if the state court litigation has not reached a State's highest court. *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 & nn. 3-4 (9th Cir. 1986).

In any event, Plaintiff cannot maintain a civil rights claim against these Defendants because they have not acted under color of state law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir. 1980). Plaintiff has also not pled sufficient facts to pursue a civil rights action for conspiracy against these Defendants. A plaintiff raising a claim pursuant to 42 U.S.C. § 1985(3) must allege: *(1)* that some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action; and *(2)* that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993). While Plaintiff does reference race discrimination in her claim, it appears that Plaintiff has added an allegation of racial discrimination to her claim in an attempt to cure a defect in a prior case, *Patterson v. Stogner*, Civil Action No. 0:10-2456-CMC-BM, 2010 WL 4822830, *2 (D.S.C. Nov. 22, 2010) ("There are no facts in the

5



Complaint that tend to show the acts complained of were racially motivated. Indeed, Plaintiff repeatedly refers to Defendants and others discriminating against her based upon her *pro se* status. *See* Obj. at 6, 8, 12, 16, 19, 23, 34, 38 (Dkt. # 13, filed Nov. 3, 2010). Therefore, for the reasons stated in the Report, and as assessed by this court, Plaintiff fails to assert any facts that could state a cognizable claim for relief under § 1985.").

Secondly, generalized allegations of conspiracy are not sufficient to state a claim under Section 1985. *Rosen v. Community Educ. Centers, Inc.*, No. CV-10-0584-PHX-FJM, 2010 WL 3981200 (D. Ariz. Oct. 8, 2010):

> "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Great American Federal Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979). To state a claim under section 1985, plaintiff must allege that defendants (1) conspired; (2) for the purpose of depriving, any person or class of persons of equal protection or equal privileges and immunities; and (3) one or more of the conspirators did or caused to be done any act in furtherance of the object of the conspiracy; whereby another was (4a) injured in his person or property or (4b) deprived of having and exercising any right or privilege of a United States citizen. *Griffin v. Breckenridge*, 403 U.S. 88, 102-03, 91 S.Ct. 1790, 1798-99, 29 L.Ed.2d 338 (1971).
>
> * * *
>
> [P]laintiff has not alleged facts sufficient to establish the second element of a section 1985 claim, the deprivation of plaintiff's right with a discriminatory purpose. A right created by Title VII is not actionable under § 1985(3). *Great American*, 442 U.S. at 378, 99 S.Ct. at 2352. Thus, plaintiff must show defendant deprived her of another right with "invidiously discriminatory animus." *Griffin*, 403 U.S. at 102, 91 S.Ct. at 1798. That discriminatory animus must arise from plaintiff's membership in a protected class. "Section 1985(3) extends beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal



6

> assistance in protecting their civil rights." *Orin v. Barclay*, 272 F.3d 1207, 1217 n. 4 (9th Cir. 2001). Individuals who wish to petition the government are not such a group, and are therefore not protected by section 1985. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir. 1992).

*Rosen v. Community Educ. Centers, Inc.*, 2010 WL 3981200 at *2-*4.

Plaintiff does not set forth the particulars of a race based conspiracy in her complaint, and indeed does not even state what the races of the parties are.

Moreover, the raising of a Section 1985 claim does not defeat the applicability of the *Rooker-Feldman* doctrine with respect to Plaintiff's workers compensation case:

> Plaintiff also claims that the *Rooker-Feldman* Doctrine is inapplicable to this matter, as she has asserted a "premeditated conspiracy to commit fraud" by Defendants and others. Obj. at 34. Like the conclusory assertions contained in the Complaint, such an assertion does not change the fact that Plaintiff, in essence, seeks a determination by this court that Defendants and others allegedly committed fraud and therefore the findings of the South Carolina Workers Compensation Commission and the Sixth Circuit Court of Common Pleas should be set aside. It simply is not within the province of this court to do so.
>
> For the reasons noted above, therefore, this action is dismissed without prejudice and without issuance and service of process.

*Patterson v. Stogner*, 2010 WL 4822830 at *2.

Similarly, Plaintiff has failed to state a valid claim under the RICO statute because the Defendants are not distinct from the alleged enterprise. To state a valid claim under 18 U.S.C. § 1962(c), a plaintiff must allege that *(1)* a defendant "person" *(2)* employed or associated with *(3)* an enterprise, engaged in, or the activities of which affect, interstate or foreign commerce, *(4)* conducts or participates in the conduct of the affairs of the enterprise *(5)* through a pattern of

7



racketeering activity. *See* 18 U.S.C. § 1962(c). *See Dtex, LLC v. BBVA Bancomer*, 405 F. Supp. 2d 639, 649 (D.S.C. 2005), *aff'd,* No. 06-1127, 214 Fed.Appx. 286, 2007 WL 173711 (4th Cir. Jan. 17, 2007). Section 1962(c) prohibits a person employed or associated with an enterprise from conducting that enterprise through a pattern of racketeering activity. *See Palmetto State Med. Ctr. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997), in which our Court of Appeals noted that "[t]he enterprise must be distinct from the persons alleged to have violated § 1962(c)." *Cf. New Beckley Mining Corp. v. International Union, UMW of America*, 18 F.3d 1161, 1165 (4th Cir. 1994) (district court properly dismissed a § 1962(c) claim because the "defendant persons" were not distinct from the alleged enterprises); *Biofeed Trac, Inc. v. Kolinor Optical Enterprises & Consultants, SRL*, 832 F.Supp. 585, 590 (E.D.N.Y 1993)[Liability under § 1962(c) may not be imposed on one who merely participates in an enterprise's affairs]; *South Carolina Electric and Gas Co. v. Westinghouse Electric Corp.*, 826 F.Supp. 1549, 1560 (D.S.C. 1993).

Plaintiff's allegations therefore failed to set forth a cognizable claim under RICO. *see generally Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996)["While the pleading standard is a liberal one, bald assertions and conclusions of law" are not sufficient to avoid dismissal of a complaint for failure to state a proper claim.]; *see also Johnson v. Voinovich*, No. 02-3232, 2002 WL 31085152 at * * 2 (6th Cir. Sept. 17, 2002)[Conclusory arguments insufficient to demonstrate a pattern of racketeering activity under RICO]; *Palmer v. Ohio State University*, No. 02-3442, 2002 WL 31095680 (6th Cir. Sept. 18, 2002)[Mere conclusory allegations not sufficient to satisfy basic requirements of RICO statute].

8



*Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice*. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

Plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

December 16, 2010
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that she may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

