IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, ) | |
| ) | C/A No. 3:10-3019-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| J. Russell Goudelock, II; Hugh McAngus; ) | |
| and Jay Courie, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

      Plaintiff Patricia T. Patterson was denied benefits under the South Carolina Workers' Compensation Act, S.C. Code Ann. §§ 42-1-10 et seq. Plaintiff, proceeding pro se and in forma pauperis, brings this action against Defendants J. Russell Goudelock, II; Hugh McAngus; and Jay Courie, all of whom are attorneys who were involved in her litigation proceedings before the South Carolina Workers' Compensation Commission. Plaintiff contends that Defendants violated her constitutional rights in various respects. In her original complaint, Plaintiff sought compensatory and punitive damages under 42 U.S.C. § 1983 and § 1985.

      In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915. On December 16, 2010, the Magistrate Judge filed a Report and Recommendation in which he noted, among other things, that it appeared Plaintiff is challenging decisions made by a state court judge. The Magistrate Judge properly noted that the court is without jurisdiction to consider an appeal from a state court decision. See 28 U.S.C. § 1257; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82

(1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923) (setting forth Rooker-Feldman doctrine). In addition, the Magistrate Judge noted that Plaintiff's cannot maintain a civil rights action against Defendants because they have not acted under color of state law, and that Plaintiff has not pleaded sufficient facts to pursue a civil rights action for conspiracy. The Magistrate Judge further determined that Plaintiff failed to state a valid claim under the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. §§ 1961 et seq. ("RICO") because Defendants are not distinct from the alleged enterprise. Accordingly, the Magistrate Judge recommended that the within action be summarily dismissed.

On December 23, 2010, Plaintiff filed objections to the Report and Recommendation. In addition, Plaintiff filed a motion to "supplement" her complaint to allege that she is entitled to damages under § 1983 and § 1986, rather than § 1983 and § 1985,[1] and to attempt to cure the deficiencies noted in the Report and Recommendation. Specifically, Plaintiff amended her complaint to allege that Defendants acted with racial animus. The court has considered Plaintiff's motion under Fed. R. Civ. P. 15(a). Because Plaintiff has a right to amend once as a matter of course under these circumstances, her motion (ECF No. 16) is **granted** and the court will consider Plaintiff's "Supplemental Verified Civil Rights Complaint."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or

---

[1] 42 U.S.C. § 1985(3) makes it unlawful, among other things, for two or more persons to conspire to deprive any person of the equal protection of the laws, or of the equal privileges and immunities under the laws. 42 U.S.C. § 1986 makes it unlawful for a person to neglect to prevent or aid in preventing the commission of wrongs conspired to be done under § 1985.

2

in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Plaintiff contends that her claims, as amended, are cognizable under § 1983 and § 1986 because Defendants were racially motivated to conspired to commit fraud to prevent her from receiving a permanent disability award from the Workers' Compensation Commission. Under Rooker-Feldman, the court lacks subject matter jurisdiction over claims that allege that Defendants improperly influenced the outcome of Plaintiff's workers' compensation claims. As the Court of Appeals for the Fourth Circuit explained in Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005), the Rooker-Feldman doctrine "bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Id. at 279 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corps, 544 U.S. 280, 284 (2005)). The gravamen of Plaintiff's complaint is that she wrongfully was denied workers' compensation benefits. The court concludes that Plaintiff's allegations "invit[e the] district court [to] review and reject[]" the decisions made at the workers' compensation proceedings. The court thus lacks subject matter over Plaintiff's § 1983 and § 1986 claims.

In any event, Plaintiff's allegations under § 1986 are inadequate to maintain a civil rights claim against Defendants. A cause of action under § 1986 is dependent on the existence of a claim under § 1985. David v. Hudgins, 896 F. Supp. 561, 571 (E.D. Va. 1995). To establish a sufficient cause of action for conspiracy to deny equal protection of the laws under § 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights

secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy. Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing cases). Moreover, a plaintiff must show an agreement or a "meeting of the minds" by defendants to violate the claimant's constitutional rights. Id. at 1377 (citing cases). In this case, Plaintiff alleges in her amended complaint that Defendants and/or Defendant's employee "willfully participated in a joint scheme of bribery, conspiracy, racial/pro se discrimination [and] conflict-of-interest" with certain Workers' Compensation Commissioners. According to Plaintiff, testimony was altered and evidence was falsified so that her workers' compensation claim was denied. Plaintiff offers only the racial identity of the parties to support her assertion of racial animus. As the Magistrate Judge properly noted, mere conclusory allegations without concrete supporting facts are not sufficient to state a claim under § 1985. Consequently, Plaintiff also fails to state a claim under § 1986, as set forth in her amended complaint..

Plaintiff further contends that Defendants are liable under § 1983 because they discriminated against her in concert with certain Commissioners. State action may be found if there is such a close nexus between the state and the challenged action that seemingly private behavior may fairly be treated as that of the state itself. Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001) (quoting Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001)). The central inquiry in each case is whether the conduct is fairly attributable to the state. Id. at 313 (quoting Arlosoroff v. Nat'l Collegiate Athletic Ass'n, 746 F.2d 1019, 1021 (4th Cir. 1984)). Pertinent to the inquiry are the following considerations: (1) whether the injury caused is aggravated in a unique way by the incidents of governmental authority; (2) the extent and nature of public assistance and public benefits accorded the private entity; (3) the extent and nature of governmental regulation over the institution;

and (4) how the state itself views the entity, i.e., whether the state itself regards the actor as a state actor. Id. (quoting Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 343 (4th Cir. 2000)).

In this case, Plaintiff appears to assert that Defendants' active involvement on the Board of Directors for the South Carolina Workers' Compensation Educational Association and prior business associations with certain Commissioners amounts to a sufficiently close relationship with state actors. The court discerns no foundation in the record for a finding that the Commissioners "encourage[d], endorse[d], and participat[ed]" in the challenged actions. See id. at 318. Plaintiff's objections are without merit. Plaintiff informs the court that she does not pursue a RICO claim.

The court has thoroughly reviewed the record and Report and Recommendation. The court adopts the Report and Recommendation and incorporates it herein by reference. For the reasons set forth herein and in the Report and Recommendation, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 29, 2011.

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that she has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure**.